UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CORTEZ BUCKLEY,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN M WAGSTAFFE, et al.,<br><br>Defendants. | Case No.  15-cv-06231-DMR<br><br>**ORDER DISMISSING CASE WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 1, 2 |

Plaintiff Antonio Buckley filed a Complaint [Docket No. 1], Application to Proceed *In Forma Pauperis* ("IFP Application") [Docket No. 2], and consent to Magistrate Judge jurisdiction[1] [Docket No. 3.] on December 29, 2015.  On January 28, 2016, the Hon. Joseph C. Spero granted Plaintiff's IFP application and ordered that issuance of summons and service would be determined separately.  [Docket No. 5.]  On March 22, 2016, Judge Spero issued a judicial referral for the purpose of determining the relationship of this case to the case of *Buckley v. Gamez*, No. 4:15-cv-5961-DMR (N.D. Cal.), which is assigned to the undersigned.  On March 30, 2016, the undersigned issued an order relating the cases.

Plaintiff commenced this suit against Defendants Stephen Wagstaffe, Karen Guidotti, Albert Serrato, Joseph Cannon, Amelia Diedrich, and Paula Vielman-Reeves, who are all

---

[1]  A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case.  *See* 28 U.S.C. § 636(c)(1).  However, in cases such as this one, where the plaintiff has consented but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'"  *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

1   prosecutors in the County of San Mateo District Attorney's Office.  Plaintiff brings a single claim

2   under 42 U.S.C. § 1983, and alleges that Defendants discriminated against him and denied him

3   due process.

4          For the reasons stated below, the court dismisses the complaint with leave to amend.

5                          **I.      PLAINTIFF'S ALLEGATIONS**

6          On September 25, 2014, Plaintiff alleges that he was assaulted and robbed of $100.00 by

7   four gang members, Todd Davis, Jason Smith, Stephen Gray, and Sunny Collins.  Complaint

8   [Docket No. 1] at 5.  Plaintiff was beaten and viciously kicked in the head several times during the

9   incident and Collins attempted to take Plaintiff's watch.

10         Plaintiff alleges that the Redwood City Police Officers Valencia, Cagno, Santiago, Cooper,

11  Sheffield and Smith "collaborated with the four racist gang members by obstruction of justice and

12  arbitrar[il]y filed a known false and incomplete police report concerning the September 25, 2014

13  crime by disregarding the robbery and attempted robbery and the assault charges on four of the

14  racist gang members."  Compl. at 5.

15         The day after the robbery, on September 26, 2014, Plaintiff went to the County of San

16  Mateo District Attorney's office in Redwood City to press charges against the four gang members.

17         Plaintiff spoke to Cannon, the deputy district attorney assigned to Plaintiff's criminal case.

18  Cannon told Plaintiff that he had decided not to file charges against three of the suspects due to a

19  lack of evidence regarding their involvement in the incident, but that Gray was being charged for

20  kicking Plaintiff in the head.  *Id.* at 6-7.  Plaintiff was upset that the other three individuals were

21  not being charged because he believed there was "overwhelming evidence" against them.  *Id.* at 7.

22  Plaintiff called Cannon "a racist who [has] betrayed the trust of a citizen and victim."  *Id.*  A verbal

23  altercation ensued, in which Cannon used profanity and Plaintiff called Cannon a "cowardly

24  racist." *Id.*

25         On October 1, 2014, Plaintiff met with Wagstaffe and Guidotti regarding the September

26  26, 2014 incident with Cannon.  Plaintiff again expressed his view that Davis, Smith and Collins

27  should be prosecuted, in addition to Gray.  Wagstaffe and Guidotti assured Plaintiff that he would

28  be allowed input in the prosecution of Gray.

United States District Court
Northern District of California

Plaintiff alleges that Wagstaffe, Guidotti, Serrato, Diedrich, and Vielman-Reeves discriminated against him by barring his access to the court.  Compl. at 8.  He alleges that Guidotti "tricked Plaintiff into a meeting on October 3, 2014 to give Plaintiff a half-hearted apology letter for Defendant Joseph L. Cannon's misconduct dated September 26, 2014 while Defendant Albert Anthony Serrato was in court making a sweetheart deal with the suspect Stephen Andrew Gray with Defendant Amelia Lauren Diedrich and Defendant Paula Melina Vielman-Reeves."  *Id.* at 9.

After Plaintiff received the letter of apology from Guidotti, he asked when the next court date was for Gray.  *Id.*  Guidotti told Plaintiff that the criminal case against Gray had concluded because "he took a deal for ten days['] time considered served."  *Id.*  Guidotti told Plaintiff that the District Attorney's Office did not have Plaintiff's phone number to contact him, which Plaintiff claims is a lie.  *Id.*

Plaintiff subsequently filed two letters demanding the resignation of Guidotti, Serrato, Cannon, Diedrich and Reeves.  *Id.* at 9.  By letter dated October 15, 2014, Wagstaffe informed Plaintiff of his conclusions that: 1) the prosecuting attorneys had handled the criminal case appropriately; 2) while the manner in which Plaintiff was dealt with by a prosecutor in the office was not in accord with the office's acceptable practice, there was "not a scintilla of evidence to support [Plaintiff's] claim denied [Plaintiff] due process and did not treat [him] as a victim"; 3) there was no basis for Plaintiff's claim that the Redwood City Police Department submitted a false report; and 4) the District Attorney's Office had not disregarded any facts in reviewing the case and there was no "conspiracy or effort to whitewash this case."  Compl., Ex. A.

## II.    REVIEW OF COMPLAINT

In reviewing an application to proceed *in forma pauperis*, courts may dismiss a case if the party applying for *in forma pauperis* status files a frivolous action or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded."  *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction.  *Id.* at 1228.  A court can also dismiss a

United States District Court
Northern District of California

1    complaint where it is based solely on conclusory statements, naked assertions without any factual

2    basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78

3    (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

4         Although pro se pleadings are liberally construed and held to a less stringent standard than

5    those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or

6    portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts

7    to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

8    554 (2007); *see also* Fed. R. Civ. P. 12(b)(6).

9         Plaintiff's complaint alleges a single claim for relief under 42 U.S.C. § 1983.  To state a

10   claim under section 1983, a complaint "must both (1) allege the deprivation of a right secured by

11   the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a

12   person acting under color of state law." *Anderson v. Warner,* 451 F.3d 1063, 1067 (9th Cir.

13   2006).  To adequately plead these elements, the complaint must identify what constitutional or

14   other federal right each defendant violated, providing sufficient facts to plausibly support each

15   purported violation. *See, e.g., Draws and v. F.F. Props., L.L.P.,* 866 F.Supp.2d 1110, 1121 (N.D.

16   Cal. 2011) ("Aside from passing references to due process and equal protection, the Complaint

17   fails to allege how [the plaintiff's] constitutional rights were violated and fails to identify each

18   [d]efendant's role therein.").

19        Plaintiff does not identify the constitutional or federal right that he believes each

20   Defendant violated.  However, Plaintiff alleges that Cannon "openly discriminated and denied

21   Plaintiff due process of the law by processing and prosecuting a known false and incomplete

22   police report (case number #R-14-09-0506) in an attempt to cover-up the fact that Redwood City

23   Police Officers involved in the writing" of the report "collaborated with the four racist gang

24   members."  Compl. at 7-8.  He also alleges that Wagstaffe, Guidotti, Serrato, Diedrich and

25   Vielman-Reeves "discriminated against Plaintiff by barring Plaintiff access to the court as a victim

26   on the criminal case no. SM394685."  *Id.* at 7-8.

27        Liberally construing Plaintiff's Complaint, the court interprets these allegations as bringing

28   two potential claims: 1) Defendants' decision not to prosecute Todd Davis, Jason Smith, and

United States District Court
Northern District of California

1  Sunny Collins was discriminatory and amounted to a denial of due process; and 2) the decision to

2  resolve the criminal case against Stephen Gray through a plea deal without Plaintiff's input was a

3  violation of the Crime Victims' Rights Act, 18 U.S.C. § 3771.

### i.  Section 1983 Claim for Violation of Due Process for Failure to Prosecute Davis, Smith and Collins

The Complaint appears to allege that Cannon and Wagstaffe decided not to prosecute

Davis, Smith and Collins for the September 25, 2014 assault and robbery. [2]

The court first considers whether prosecutorial immunity applies to this claim.  Prosecutors

are "absolutely immune from liability under section 1983 for their conduct in 'initiating a

prosecution and in presenting the State's case' insofar as that conduct is 'intimately associated

with the judicial phase of the criminal process.'"  *Roe v. City & Cty. of San Francisco*, 109 F.3d

578, 583 (9th Cir. 1997) (citing *Burns v. Reed,* 500 U.S. 478, 486 (1991)).  Absolute immunity

also protects those functions in which the prosecutor acts as an 'advocate for the State,' even if

they 'involve actions preliminary to the initiation of a prosecution and actions apart from the

courtroom.'"  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 912 (9th Cir. 2012) (quoting *Burns*, 500 U.S.

at 486).  Thus, prosecutors are entitled to absolute immunity in 42 U.S.C. § 1983 suits such as this

one where a plaintiff seeks damages based on a prosecutor's decision not to initiate a criminal

prosecution.  *Roe*, 109 F.3d at 583.

Therefore, Plaintiff's section 1983 claim based on the decision not to prosecute Davis,

Smith, and Collins is **denied without leave to amend.**

### ii.  42 U.S.C. § 1983 Claim for Violation of the Crime Victims' Rights Act

Plaintiff alleges that he was not notified of the court hearing on Gray's plea deal, and that

none of the Defendants informed Plaintiff about Gray's court dates.  Compl. at 9.  He also

contends that Serrato, Diedrich, and Vielman-Reeves "discriminated against Plaintiff by barring

Plaintiff access to the court as a victim on the criminal case no. SM394685."  Compl. at 8.

---

[2] The complaint only contains specific allegations relating to Cannon and Wagstaffe about the decision not to prosecute Davis, Smith, and Collins.  To the extent that Plaintiff intends to bring this claim against any of the other named Defendants, all of whom are prosecutors, the same analysis applies.

United States District Court
Northern District of California

1  Plaintiff does not clearly state what actions these defendants took to exclude him from the court

2  proceedings.  Plaintiff appears to allege that Guidotti "tricked Plaintiff into a meeting on October

3  3, 2014 to give Plaintiff a half-hearted apology letter" to prevent him from attending the court

4  hearing on Gray's "sweetheart" plea deal.  Compl. 8-9.

5        To the extent that Plaintiff attempts to premise his section 1983 claim on denial of a

6  federal right under the Crime Victims' Rights Act of 2004, his claim fails.  For purposes of the

7  federal Crime Victims' Rights Act of 2004, a crime victim "is a person directly and proximately

8  harmed as a result of the commission of a Federal offense...." 18 U.S.C. § 3771(e).  A crime

9  victim has the right to "reasonable, accurate, and timely notice of any public court proceeding, or

10  any parole proceeding, involving the crime or of any release or escape of the accused" and the

11  right "not to be excluded from any such public court proceeding, unless the court, after receiving

12  clear and convincing evidence, determines that testimony by the victim would be materially

13  altered if the victim heard other testimony at that proceeding."  18 U.S.C. § 3771(a)(2) and (3).

14  Here, Plaintiff has not pleaded sufficient facts to show that he was "directly and proximately

15  harmed as a result of the commission of a *Federal* offense."  18 U.S.C. § 3771(e) (emphasis

16  added).  Gray appears to have been charged with a state, rather than a federal crime.

17        To the extent that Plaintiff's section 1983 claim is premised on a violation of the California

18  Victims' Bill of Rights, (California Constitution, Article I, § 28, section (b)), it fails because a

19  section 1983 action must allege the deprivation of a federal right.

20        Based on the allegations in the Complaint, it is highly unlikely that Plaintiff was the victim

21  of a federal offense.  However, in an abundance of caution, the court **denies this claim without**

22  **prejudice** and provides Plaintiff with leave to amend to address the deficiencies noted in this

23  order.

24        **iii.    Leave to Amend**

25        "[A] district court should not dismiss a pro se complaint without leave to amend unless it is

26  absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Akhtar*

27  *v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).  Plaintiff's claim under 42

28  U.S.C. § 1983 for the decision not to prosecute Davis, Smith, and Collins is barred by absolute

prosecutorial immunity, and this deficiency cannot be cured by amendment.

To the extent that Plaintiff can amend his complaint to show that he was the victim of a federal offense and that he was deprived of a federal right under the Crime Victim's Rights Act, 18 U.S.C. § 3771, he may amend his complaint to do so. **By no later than May 24, 2016,** Plaintiff may file an amended complaint to the extent that he can claim that he was deprived of a federal right under the Crime Victims' Rights Act. Failure to file a timely amended complaint may result in a dismissal without prejudice for failure to prosecute the case.

### III.      CONCLUSION

For the reasons above, the court dismisses the Complaint with leave to amend to cure the deficiencies noted in this order **by May 24, 2016.**

**IT IS SO ORDERED.**

Dated: May 10, 2016

_____
DONNA M. RYU
United States Magistrate Judge

United States District Court
Northern District of California